UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEVY GARDENS PARTNERS 2007, LP, ET AL. | CIVIL ACTION |
| VERSUS | NO. 12-1340 |
| COMMISSIONER OF ADMINISTRATION PAUL W. RAINWATER, ET AL. | SECTION "N" (2) |

# ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. 7), which is opposed by Defendant Commonwealth Land Title Insurance Company ("Commonwealth") (Rec. Doc. 14). Considering all of the parties' submissions, including Plaintiffs' Reply (Rec. Doc. 13), Plaintiffs' Request for Oral Argument (Rec. Doc. 21), Commonwealth's Surreply (Rec. Doc. 25), and Defendant First NBC Bank's Memorandum in Support of Motion to Remand (Rec. Doc. 27), as well as the arguments of the parties made at oral argument on Thursday, August 2, 2012, the Court rules as set forth herein.

**I. BACKGROUND**

Plaintiffs are Levy Gardens Partners 2007, LP ("Levy Gardens"), a Louisiana partnership, and its members. Plaintiffs claims arise out of two Commonwealth policies of title insurance sold by Defendant Lewis Title Company, Inc. ("Lewis Title") to Defendants First NBC and the Louisiana Office of Community Development ("OCD") as mortgage holders on land purchased by Levy Gardens for development into a subdivision. For further background on the case, see Record

1

Document 86 in related case *Levy Gardens Partners 2007, LP v. Lewis Title Insurance Company, et al.*, No. 10-4261 (E.D. La. May 16, 2011) (order granting in part and denying in part motion for summary judgment).

## II. PROCEDURAL HISTORY

Commonwealth[1] removed this case from Civil District Court for Orleans Parish on May 23, 2012 on the basis of diversity jurisdiction, arguing that defendants Lewis Title, First NBC, OCD, the Louisiana Housing Finance Authority, Commissioner of Administration Paul W. Rainwater, and Louisiana Insurance Commissioner James J. Donelon were improperly joined.[2] (Rec. Doc. 1). Plaintiffs filed the instant Motion to Remand, arguing that their claims against Lewis Title were valid and not perempted because Lewis Title engaged in fraud in connection with the sale of title insurance to Plaintiff Levy Gardens as owner and to First NBC and OCD as lenders. (Rec. Doc. 7). Commonwealth responded reurging its contention that it is the only validly joined defendant in this action and noting Plaintiffs' failure to address any local defendant other than Lewis Title in its motion. (Rec. Doc. 14). Commonwealth also requested oral argument on the motion to remand. (Rec. Doc. 15).

The Court then issued an Order cancelling oral argument and requesting that Plaintiffs articulate the factual basis for their fraud claim against Lewis Title and the legal basis for their claims

---

[1] Commonwealth filed the Notice of Removal in this case, which was not joined by the other defendants. However, Commonwealth claims that the other defendants were improperly joined and "a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined." *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (*citing Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

[2] The parties discuss "fraudulent joinder" in their submissions, but the Fifth Circuit has stated that the term "improper joinder" is preferred. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

against First NBC and OCD, which allege that these lenders should be made to pursue claims under the lender's policies against Commonwealth before proceeding against Plaintiffs. (Rec. Doc. 16). Pursuant to the Order, Plaintiffs filed a reply responding to the Court's inquiries. (Rec. Doc. 17). In its reply, Plaintiffs urge the Court to review the complaint filed in *Henry Klein v. American Land Title Association*, 12-1061 (D.D.C. filed June 26, 2012). Plaintiffs claim that Lewis Title sold Levy Gardens illusory insurance because the Amount of Insurance listed in the policy was reduced pursuant to Provision 8(a). Because it was Lewis Title, not Commonwealth, that sold the illusory insurance, Lewis Title committed fraud because it failed to inform Plaintiffs of the existence of Provision 8(a) and of the fact that the amount of insurance could be reduced pursuant thereto. Further, Plaintiffs argued that Commonwealth had not met is burden of showing that Plaintiffs had no possibility of relief against lenders First NBC and OCD.

In response, Commonwealth filed a surreply wherein it stated that many of Plaintiffs' contentions in their reply are irrelevant to the resolution of the motion to remand. (Rec. Doc. 20). Commonwealth claims that Plaintiffs have sought to introduce new claims and new evidence in support of their motion to remand, rather than to rely on the allegations in their state court petition, as they must.

Plaintiffs then filed a Request for Oral Argument stating that oral argument is needed so that Plaintiffs may address the allegation of fraud on the pleadings made against them. (Rec. Doc. 21). Plaintiffs also filed a Motion for Leave to File Submission of Exhibits, seeking permission to file an excerpt of Commonwealth's appellate brief in the owner's policy case and a copy of the complaint in *Henry Klein v. American Land Title Association*, 12-1061 (D.D.C. filed June 26, 2012) (Rec. Doc. 23); the Court granted this motion at oral argument (*see* Rec. Doc. 29). Finally, First

NBC filed a memorandum in support of Plaintiffs' motion to remand, noting that it did not consent to the removal of the case and arguing that Lewis Title sold it a lender's policy with a hidden defect. (Rec. Doc. 27).

**III. DISCUSSION**

**1. Legal Standard**

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action.[3] In assessing the propriety of removal, the Court is guided by the principle, grounded in notions of comity and recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed; any ambiguities of fact and law should be resolved in favor of remand.[4] The removing party bears the burden of showing that federal jurisdiction exists at the time of removal.[5]

A United States District Court has jurisdiction over suits between citizens of different states wherein the amount in controversy exceeds $75,000.[6] For the purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state in which its primary place of business is located, while partnerships and limited liability companies take the citizenship of their

---

[3]*See* 28 U.S.C. § 1441(a).

[4]*See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[5]*See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

[6]28 U.S.C. § 1332.

members.⁷

The Supreme Court has interpreted the 28 U.S.C. § 1332 to require complete diversity of citizenship between all plaintiffs and all defendants.⁸ However, even if a plaintiff names non-diverse defendants, a diverse defendant may still validly remove the case if they can demonstrate that the non-diverse defendants were improperly joined.⁹ Improper joinder has two meanings: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."¹⁰ Here, Commonwealth claims that Lewis Title, First NBC and OCD were improperly joined because Plaintiff cannot establish causes of action against them.¹¹

A defendant claiming improper joinder based on inability to establish a claim bears a heavy burden of proof; "[t]o prove their allegation of [improper] joinder [removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action

---

⁷28 U.S.C. §1332(c)(2); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

⁸*Liberty Property Co. v. Roche*, 546 U.S. 81, 89 (2005).

⁹*See Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

¹⁰*Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*quoting Travis v. Irby*, 326 F.2d 644, 636-47 (5th Cir. 2003)).

¹¹At times, Plaintiff seems to misunderstand Commonwealth's argument, asserting that it did not commit fraud in joining these defendants because there was no scienter. (Rec. Doc. 21). The Court finds that Commonwealth's claim of improper joiner is addressed to the second form of improper joinder, inability to establish a claim, rather than actual fraud, and will discuss the motion according to this understanding. Further, there is no evidence of fraud in the pleading of jurisdictional facts, so any such claim by Commonwealth is necessarily rejected.

in state court."[12] In order to determine if complete diversity exists, a court normally looks to the face of the plaintiff's state court complaint;[13] in a case where improper joinder is alleged, "a court may 'pierce the pleadings' and consider summary-judgment-type evidence, such as affidavits and deposition testimony."[14] A court evaluating a claim of improper joinder must "resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party."[15]

**2. Claims against Lewis Title**

Louisiana Revised Statute 9:5606 states that

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee . . . whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission or neglect is discovered or should have been discovered. However, even as to actions filed with

---

[12]*Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) (third and fourth alterations in original) (*quoting Dodson v. Spillada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)).

[13]*McCoy v. Bergeron*, No. 92-78, 1992 WL 40828, at *2 (E.D. La. Feb. 26, 1992) (*quoting Tedder v. F.M.C., Corp.*, 590 F.2d 115, 116-17 (5th Cir. 1979)).

[14]*Howard v. Wal-Mart Stores, Inc.*, No. 09-164, 2009 WL 981688 (E.D. La. Apr. 13, 2009)(*quoting In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 385 (5th Cir. 2009)).

[15]*Ford*, 32 F.3d at 935 (*quoting Dodson*, 951 F.2d at 42).

one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect[16].

However, the statute goes on to say that "[t]he peremptive period . . . shall not apply in cases of fraud." *Id.* Louisiana Civil Code Article 1953 defines "[f]raud [a]s a misrepresentation or suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other."[17] Under Louisiana law, "[f]raud may . . . result from silence or inaction."[18]

Here, Commonwealth argues that Plaintiffs' claims against Lewis Title are perempted. Commonwealth states that Plaintiffs knew of Lewis Title's liability on February 10, 2009, when New Orleans enjoined Levy Gardens from further construction. Plaintiffs did not file this suit until April 2, 2012. As such, Commonwealth argues that Plaintiffs' claims are perempted because they did not file suit against Lewis Title within a year of when they knew or should have known of liability.

Plaintiffs respond that the peremptive period in Louisiana Revised Statute 9:5606 does not apply to their claims because Lewis Title committed fraud. Plaintiffs argue that title insurance is illusory insurance because Provision 8(a) reduces the amount of insurance, making the "Amount of Insurance" listed in the policy a misleading term. Plaintiffs allege that Lewis Title committed fraud by failing to advise Levy Gardens of the fact that the amount of insurance could be reduced pursuant to Provision 8(a). Commonwealth responds that Plaintiffs have not plead fraud with sufficient

---

[16]La. Rev. Stat. Ann. § 9:5606 (2012).

[17]La. Civ. Code. Art. 1953 (2012).

[18]*Id.*

particularity to satisfy the requirements of Federal Rule of Civil Procedure 9(b), which requires a plaintiff asserting fraud to plead "enough facts to illustrate the who, what, when, where, and how of the alleged fraud."[19]

Plaintiffs have not shown any possible basis for recovery against Lewis Title. Lewis Title sold the owners and lenders policies to Levy Gardens and to First NBC and OCD at the closing on October 7, 2008. As such, any claim against Lewis Title would be perempted on October 7, 2011 pursuant to Louisiana Revised Statute 9:5606, unless Plaintiffs can demonstrate fraud on the part of Lewis Title. Plaintiffs have presented no facts regarding Lewis Title's intent to gain an unjust advantage or to cause loss or inconvenience to Plaintiffs in the sale of the insurance.[20] Moreover, for better or worse, Provision 8(a) was included in the policy for all to see at the time it was issued. Thus, even assuming the Court accepts Plaintiffs' argument that Provision 8(a) alters the meaning of the amount of insurance such that the insurance contract is misleading and decides that a written contractual term can constitute fraud, Plaintiffs have still failed to meet their burden. Further, Plaintiffs do not allege any deceptive intent on the part of Lewis Title; rather, Plaintiffs allege bad intent on the part of Commonwealth and other title insurers. Because Plaintiffs have not shown any possible basis for recovery against it, Lewis Title is an improperly joined party, the claims against it must be dismissed, and its citizenship need not be considered for the purpose of determining diversity jurisdiction.[21]

---

[19] *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (internal quotations marks omitted).

[20] La. Civ. Code. Art. 1953 (2012).

[21] *Guillory*, 434 F.3d at 308.

**3. Claims against First NBC and OCD**

Plaintiffs request declaratory judgment against First NBC and OCD, arguing that they should be ordered to pursue claims against Commonwealth under the lenders' policies before foreclosing on Plaintiffs. Plaintiffs cite Louisiana Civil Code Article 1795, which states that "[a]n obligee, at his choice, may demand the whole performance from any of his solidary obligors."[22]

Commonwealth argues that there is no authority for the relief that Plaintiffs request against First NBC and OCD and that these defendants were improperly joined.

Plaintiffs respond that Commonwealth has not met its burden of showing that Plaintiffs have no possibility of recovery against First NBC and OCD. Plaintiffs emphasize the heavy burden that Commonwealth needs to meet in order to show that Plaintiffs have no possibility of recovery against the allegedly improperly joined defendants.

Plaintiffs have presented no authority supporting its claims against OCD and First NBC. Plaintiffs cite Louisiana Civil Code Article 1795, which actually undermines their position; Louisiana Civil Code Article 1795 states that an obligee *may* demand performance from any solidary obligor, supporting the lenders' rights to foreclose on Plaintiffs rather than to pursue a claim against Commonwealth under the lenders' policies, or vice versa. The cited Code article creates no compulsion, either legally or otherwise, such that this Court might order OCD and First NBC to act against one obligor but not another. Here, Plaintiffs have not presented any ambiguity in state law; Plaintiffs have failed to present any support for their claims of possible relief against First NBC and OCD on the grounds asserted. As Plaintiffs have no possibility of recovering from First NBC and OCD, these defendants were improperly joined and the existing claims against them must be

---

[22]La. Civ. Code. Art. 1795 (2012).

dismissed.[23]

## IV. CONCLUSION

Plaintiffs' claims against Lewis Title, First NBC and OCD are **DISMISSED**. The only properly joined defendant remaining in this case is Commonwealth, a citizen of Nebraska and Florida. (Rec. Doc. 1 at 5). As Plaintiffs are Louisiana citizens, there is complete diversity of citizenship between the parties. The amount in controversy is also satisfied in this case. (*See* Rec. Doc. 7-1 at 2-3). The requirements of 28 U.S.C. § 1332 are thus satisfied, and the Court may exercise diversity jurisdiction over this case. Plaintiffs' motion to remand is **DENIED**.

New Orleans, Louisiana, this 21st day of August, 2012.

_____
KURT D. ENGELHARDT
United States District Judge

---

[23] The Court has reviewed First NBC's submission regarding the motion to remand. (Rec. Doc. 27). While First NBC expresses its desire for remand, it does not present any legal authority supporting the motion to remand. Specifically, First NBC states that "[b]ased on the Levy Gardens pleadings and based on the exposure of the [title insurance] industry's false and deceptive practices . . . a finding of liability against Lewis Title is not a far reach," but cites no statutory or jurisprudential authority pursuant to which Lewis Title may be held liable. (*Id.* at 2). Further, First NBC explains that it is beneficial to the bank to pursue its claim against Commonwealth before foreclosing on Levy Gardens. (*Id.* at 3). However, First NBC's election to litigate with Commonwealth rather than foreclose upon Levy Gardens is irrelevant to this motion. That First NBC asserted a claim against Commonwealth does not mean that Levy Gardens had a valid claim to force First NBC to do so.