UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEVY GARDENS PARTNERS 2007, LP, ET AL. | CIVIL ACTION |
| VERSUS | NO. 12-1340 |
| COMMISSIONER OF ADMINISTRATION PAUL W. RAINWATER, ET AL | SECTION "N" (2) |

### ORDER AND REASONS

Before the Court is **"Plaintiffs' Motion for Entry of Final Judgment Regarding the Dismissal by the Court of All Plaintiffs' Actions and Claims Against Lewis Title Co., Inc., First NBC Bank, and the Louisiana Office of Community Development" (Rec. Doc. 35)**. The Court has reviewed the motion and supporting memorandum, the response thereto filed by defendants Commonwealth Land Title Insurance Co. ("Commonwealth") and Lewis Title Co., Inc. (Rec. Doc. 37), and the plaintiffs' Notice of Voluntary Dismissal as to Defendants Commonwealth, Paul Rainwater, James Donelon, and the Louisiana Housing Finance Authority (Rec. Doc. 34).

The plaintiffs, as well as Commonwealth and Lewis Title, argue that entry of final judgment is appropriate given that the Court has dismissed with prejudice the plaintiffs' claims against three defendants (*see* Rec. Doc. 33) and the plaintiffs have voluntarily dismissed their claims against the remaining defendants (Rec. Doc. 34). However, there remain the cross claims of First NBC Bank against Commonwealth and Lewis Title (*see* Rec. Doc. 1-16). Rule 54(b) is clear that any order that adjudicates fewer than all claims does not end the action. Fed. R. Civ. P. 54(b). In such cases, the Court may direct entry of final judgment as to fewer than all claims "*only if*" the Court expressly

determines that there exists no just reason for delay.  *Id.*  No basis for a Rule 54(b) partial judgment has been offered.  Although Commonwealth and Lewis Title suggest that the Court should disregard the cross claims on grounds that they had not been served at the time of the Court's earlier ruling, no party has cited any law that would permit the Court to disregard a claim for purposes of Rule 54(b) merely because proper service has not yet been achieved.  Accordingly, based upon the record presented,

**IT IS ORDERED** that the Plaintiffs' Motion for Entry of Final Judgment (Rec. Doc. 35) is **DENIED WITHOUT PREJUDICE** to the right to re-urge the motion once the cross claims have been resolved.

Based upon the Court's review of the record, it appears that First NBC Bank's time for completing service on its cross claims expired on September 7, 2012.  *See* Fed. R. Civ. P. 4(m).  Accordingly,

**IT IS FURTHER ORDERED** that First NBC Bank shall complete service on its cross claims within 15 days of entry of this Order and Reasons.  If First NBC Bank fails to do so, the Court will dismiss the cross claims without further notice.

New Orleans, Louisiana, this 3rd day of October, 2012.

_____
KURT D. ENGELHARDT
United States District Judge